IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAULETTE WHITING | * |
| | * |
| v. | * Civil No. JKS-09-3355 |
| | * |
| MICHAEL J. ASTRUE | * |
| Commissioner of Social Security | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Paulette Whiting brought this action pursuant to 42 U.S.C. § 405 for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act (the Act). Both parties' motions for summary judgment and Whiting's alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Whiting's motions for remand and summary judgment will be denied, and the Commissioner's motion for summary judgment will be granted.

1. **Background.**

Whiting applied for DIB on January 15, 2004, alleging an onset of disability of December 11, 2003. (R. 12). Her application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on June 13, 2004, at which Whiting was represented by counsel. (R. 12). On September 19, 2005, the ALJ found that Whiting was not disabled within the meaning of the Act. (R. 18). On April 28, 2006, the Appeals Council denied Whiting's request for review, thus making the ALJ's determination the Commissioner's final decision. Whiting then sought further review of that decision by this Court, which remanded her case to the Commissioner for evaluation of Whiting's obesity. As a result, on January 8, 2007, the Appeals Council vacated the September 19, 2005, decision of the ALJ. (R. 231).

On June 21, 2007, the ALJ held a second hearing, at which Whiting was again

represented by counsel. (R. 220). On September 23, 2009, the ALJ found that Whiting was not disabled within the meaning of the Act. (R. 226). Following the Appeals Council's denial of Whiting's request for review, this Court again remanded her case to the Commissioner for further administrative proceedings. (R. 317).

Finally, on August 12, 2009, an ALJ held a third hearing, at which Whiting was represented by counsel. (R. 357). The ALJ found, on September 23, 2009, that Whiting was not disabled within the meaning of the Act. The Appeals Council subsequently denied Whiting's request for review, thus making the ALJ's determination the Commissioner's final decision.

**2. ALJ's Decision.**

The ALJ evaluated Whiting's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Whiting had not engaged in substantial gainful activity from December 11, 2003, her alleged onset date, to her date last insured of December 31, 2008. (R. 305). At step two, the ALJ concluded that Whiting suffered from chronic pain syndrome, knee pain, obesity, and sleep apnea. (R. 306). At step three, the ALJ determined that Whiting did not have an impairment or combination of impairments that met or medically equaled one of the listened impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 306). At step four, the ALJ found that Whiting had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except she could only sit for a total of six hours and stand and/or walk for a total of four hours in an eight-hour workday. (R. 306). The ALJ also determined that Whiting required the option to alternate between sitting and standing such that not more than a half-hour was required to sit or stand at any one period. The ALJ decided as a precautionary measure that she could not climb ladders, ropes, or scaffolds, be exposed to hazardous heights or moving machinery, or be exposed to extreme temperature

changes. She could, however, occasionally climb stairs, ramps, balance, stoop, crouch, but could not kneel, crawl, lift or carry above shoulder level, or perform work that requires the use of push/pull controls with legs. Whiting also required low-stress work, with no more than moderate attention, concentration, and persistence and pace for prolonged periods of time. The ALJ also found that she had a moderate degree of pain and fatigue and above moderate limitations as to performing activities within a schedule, maintaining regular attendance for reliability purposes, and being punctual within customary tolerances. (R. 306).

Once determining that Whiting was unable to perform past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that there were jobs that existed in significant numbers in the national economy that she could have performed. (R. 311). As a result, the ALJ determined that Whiting was not disabled within the meaning of the Act. (R. 312).

**3. Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather

must affirm a decision supported by substantial evidence. *Id*.

   4. **Discussion.**

Whiting argues that the ALJ's finding that she was not disabled is not supported by substantial evidence, and as a result, she is entitled to an award of benefits. Whiting bases this on the ALJ's statement that:

> She has above moderate limitations as to performing activities within a schedule, maintaining regular attendance for reliability purposes, and being punctual within customary tolerances; and as to completing a normal workday or week without an unreasonable length and number of rest periods.

(R. 306). During the third hearing, the ALJ presented this description as his fourth hypothetical to the VE, who then stated that there would be no work consistent with those limitations. (R. 388). The Commissioner argues that the ALJ made a typographical error in stating that Whiting had "above moderate limitations," and that he meant that they were only moderate.

A typographical error which goes against the substantial weight of the evidence is not sufficient to warrant the reversal of an ALJ's decision. *See Quaite v. Barnhart*, 312 F. Supp. 2d 1195, 1199 (E.D. Mo. 2004) (noting that in the context of the entire finding, it is clear that the ALJ found that plaintiff "can" perform simple and repetitive tasks, not "cannot"). Here, substantial evidence indicates that the ALJ's statement that Whiting has above moderate limitations is a mere typographical error.

In findings No. 10 and 11, the ALJ determined that there were jobs that Whiting could have performed and that she is not disabled within the meaning of the Act. The ALJ adopted his first hypothetical, with only moderate limitations, as the accurate description of Whiting's employment potential, accepting the VE's recommendations in response to that hypothetical as evidence that jobs existed that Whiting could perform. (R. 311-12, 388). Indeed, the ALJ noted that an individual who was even more limited than Whiting would be able to perform most of

these jobs. (R. 312). Nowhere in stating these conclusions does the ALJ discuss hypothetical number four.

The ALJ's failure to discuss, and intent to reject, hypothetical number four is also supported by the discussion of the need to supplement the medical record. At the hearing, Whiting's counsel stated that he would supplement the medical record with information from Dr. Potter. (R. 360-61). The ALJ emphasized the importance of Dr. Potter's records to "give me a basis that I can help you." (R. 378). At the conclusion of the hearing, counsel stated that "We just would anticipate that Dr. Potter . . . would support hypothetical number four." (R. 389). Those records, however, did not support hypothetical number four: The ALJ's decision notes that they consisted solely of lab studies "indicative of polyarthritis that was clinically indistinguishable from rheumatoid arthritis." (R. 310). When Dr. Potter's records did not provide the anticipated support for hypothetical number four, the ALJ had nothing to support hypothetical number four's above moderate limitations.

Other than pointing to what is clearly a typographical error, Whiting does not point to any basis for finding that the ALJ's decision is not supported by substantial evidence. The ALJ reviewed the entire record and properly determined that the medical evidence, activities of daily living, and the findings of the State agency consultants do not substantiate Whiting's allegations of disabling limitations. (R. 308-11).

**5. Conclusion.**

For the foregoing reasons, Whiting's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

Date: July 1, 2011  /S/
JILLYN K. SCHULZE
United States Magistrate Judge

5